1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         EASTERN DISTRICT OF CALIFORNIA
10
11   DANIEL COX,                          )  Case No.: 1:13-cv-01676-JLT
                                          )
12              Petitioner,               )  ORDER TRANSFERRING CASE TO THE
                                          )  SACRAMENTO DIVISION OF THIS COURT
13        v.                              )
                                          )
14   RONALD J. RACKLEY, Warden,           )
                                          )
15              Respondent.               )
                                          )
16                                        )
                                          )
17   _____  )

18        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.

20                                    **DISCUSSION**

21        The federal venue statute requires that a civil action, other than one based on diversity

22   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

23   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

24   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

25   situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which

26   the action may otherwise be brought." 28 U.S.C.  §  1391(b).

27        In a habeas matter, venue is proper in either the district of conviction or the district of

28   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

                                          1

proper forum in which to review such a claim is the district of confinement.  See <u>Dunn v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989)(stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.")

In this case, petitioner is challenging a conviction from the Superior Court of Shasta County, which is in the Sacramento Division of the Eastern District of California.  Because the matter should be addressed in the forum where petitioner was convicted, the petition should have been filed in the Sacramento Division of the United States District Court for the Eastern District of California. Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court.  Therefore, this action will be transferred to the Sacramento Division of this Court.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  This action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento; and,

2.  All future filings shall reference the new Sacramento case number assigned and shall be filed at:

    United States District Court
    Eastern District of California
    501 "I" Street, Suite 4-200
    Sacramento, CA 95814

IT IS SO ORDERED.

Dated:  __**November 12, 2013**__       _____ **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE

2